# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# Miami Division

Civil Action No. 1:20-cv-21927-RKA

| | |
|---|---|
| YVETTE J. HARRELL, | ) |
|     Plaintiff, | ) |
| vs. | ) |
| | ) |
| CITY OF OPA-LOCKA, a municipal Florida corporation | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

### PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT OR FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 15 and Local Rule 3.01, Plaintiff Yvette J. Harrell, moves for leave to amend her complaint or alternatively for an extension of time to respond to Defendant, City of Opa-Locka, motion to Dismiss of 20 days from the Court's Order. In support of this motion, Plaintiff states:

**I.  INTRODUCTION**

There are legitimate reasons to grant leave to amend under Federal Rule of Civil Procedure 15(a), which provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has emphasized that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). As such, a court may deny leave to amend a

1

pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there is bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile. *Taylor v Fla. State Fair Auth.,* 875 F. Supp. 812, 814 (M.D. Fla 1995) (granting motion for leave to amend). As outlined below, Plaintiff's Motion to Leave to Amend should be granted.

The reasons for Plaintiff's request present no bad faith or undue delay, nor would granting leave prejudice the Defendant. In facts, Plaintiff's requests promote efficiency so that the Court can analyze mor developed pleadings. There is currently no case management order in place, and thus, the deadline for final amendments of pleadings of the filing of dispositive motions has occurred. See Smith v. Sch Bd. of Orange County. 487 F.3d 1361, 1366-67 (11th Cir. 2007) (denying motion for leave and recognizing that when party seeks leave to amend after deadline for amendments in scheduling order, a party must show good cause). A final reason for this request, is Plaintiff's attorney was stricken with covid19 and just recently was cleared to return to work after being quarantined for the last 4 weeks.

## II.     CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion for Leave to Amend her Complaint and Deny Defendant's motion to dismiss as moot. Alternatively, Plaintiff requests 20 days from the date of the Court's order to file their response to the motion to dismiss.

### Local Rule 3.01 Certification

Pursuant to Local Rule 3.01, counsel for Plaintiff state that they attempted to confer with the counsel for the Defendant via email, but the Defendant's email bounced back as undeliverable. Plaintiff is unaware if Defendant will oppose this Motion to Amend. As of the date of this filing,

Plaintiff was unable to circulate a draft of the final proposed amended complaint for Defendant's review ahead of this filing.

## CERTIFICATION OF SERVICE

**I HEREBY CERTIFY** on August 21, 2020, I electronically filed the forgoing Plaintiff's Motion to Amend or in the alternatively motion for an extension to respond to motion to dismiss with the Clerk of the Southern District of Florida using the CM/ECF system which will send notice to all counsel listed on the service list.

Respectfully Submitted,

*/s/ARNOLD S GAINES*
Arnold S. Gaines, Esquire
Florida bar No. 0670928
Gaines & Nolan
2100 SE Hillmoor Drive, Suite 106
Port St. Lucie, FL 34952
(772) 200-4600 Telephone
(772) 200-4575 Facsimile
asg@asgaineslaw.com
asg@gainesnolan.com
Attorneys for Plaintiff