**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-21927-CIV-ALTMAN/Goodman**

**YVETTE HARRELL**,

    *Plaintiff*,

v.

**CITY OF OPA-LOCKA**,

    *Defendant*.

_____/

**ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss [ECF No. 6] (the "Motion"). This Court held a telephonic hearing [ECF No. 18] on October 15, 2020. For the reasons stated on the record, the Court hereby

**ORDERS AND ADJUDGES** that

1. The Motion to Dismiss [ECF No. 6] is **GRANTED IN PART and DENIED IN PART** as follows:

    a. Count I is **DISMISSED without prejudice**. Sex or gender discrimination claims are not cognizable under 42 U.S.C. § 1981. *See, e.g.*, *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 961 (11th Cir. 1997) ("It is well-established that § 1981 is concerned with *racial* discrimination in the making and enforcement of contracts.").

    b. Count II is **DISMISSED without prejudice**. As pled, the Complaint is unclear on (1) whether the Plaintiff is bringing a disparate treatment claim, a hostile work environment claim, or both; (2) whether the Plaintiff is proceeding under a single-motive or mixed-motive theory; and (3) what the (alleged) adverse

employment action was.

c. Count III is **DISMISSED without prejudice**. As pled, the Complaint is unclear on (1) whether the Plaintiff is bringing a disparate treatment claim, a hostile work environment claim, or both; (2) whether the Plaintiff is proceeding under a single-motive or mixed-motive theory; and (3) what the (alleged) adverse employment action was.

d. Count IV is **DISMISSED without prejudice**. Sex or gender discrimination claims are not cognizable under 42 U.S.C. § 1981. *See, e.g.*, *Little*, 103 F.3d at 961.

e. Count V survives and thus the Motion is **DENIED** as to this Count. Nonetheless, the Plaintiff ought to clarify her Complaint, *see, e.g.*, Compl. ¶¶ 103, 105, 108, as this Court explained on the record.

f. Count VI survives and thus the Motion is **DENIED** as to this Count. Nonetheless, the Plaintiff ought to clarify her Complaint, *see, e.g.*, Compl. ¶¶ 116, 118, 121, as this Court explained on the record.

g. Count VII is **DISMISSED without prejudice** for failure to describe the content of the Plaintiff's whistleblower complaints so that this Court can draw the reasonable inference that those complaints are protected under Fla. Stat. § 112.3187. *See, e.g.*, *Broward Cty. Sheriff's Office v. Hamby*, 300 So. 3d 213, 216 (Fla. 4th DCA 2020) (finding a pleading insufficient where it was "devoid of specific facts as to what [the plaintiff] actually disclosed," noting that the plaintiff's "vague and conclusory allegations were insufficient to show a protected disclosure"); *Nazzal v. Fla. Dep't of Corr.*, 267 So. 3d 1094, 1097

        (Fla. 1st DCA 2019) (finding that an incident report was insufficient because, although the employee reported she was "subjected to disparate treatment which is in direct violation of the 1964 civil rights act," she "did not elaborate on how (or by whom) she was treated disparately or how any such disparate treatment was based on a protected characteristic such as her national origin").

    h. Count VIII is **DISMISSED without prejudice** because the Plaintiff failed to allege sufficient information about the Contract—including what provision was breached and whether the employment relationship was at-will—such that this Court could find that the Plaintiff stated a plausible breach of contract claim.

2. By **October 22, 2020**, the Defendant shall produce to the Plaintiff either (1) a copy of its employment agreement with the Plaintiff or (2) a verified notice attesting that it has no record of any such agreement.

3. By **October 30, 2020**, the Plaintiff shall file an Amended Complaint.

4. Failure to comply with this Order may result in sanctions.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 15th day of October 2020.

                                                          _____
                                                          **ROY K. ALTMAN**
                                                          **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record