U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4701
Washington, DC 20530

CERTIFIED MAIL
7018 1830 0000 1244 8539

January 31, 2020

Ms. Yvette J. Harrell
156 Frow Ave.
Coral Springs, FL 33133

Re: EEOC Charge Against City of Opa-Locka
No. 510201901838

Dear Ms. Harrell:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Miami District Office, Miami, FL.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

by Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Miami District Office, EEOC
    City of Opa-Locka

January 3, 2019

<u>VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED</u>
Newall J. Daughtrey
City Manager
3299 Tamiami Trail East Suite 800
Naples, FL  34112-5749

City Commission Chambers
215 N. Perviz Avenue
Opa-locka, FL 33054

Florida Department of Financial Services
Division of Risk Management
200 East Gaines Street
Tallahassee, FL  32399

|  |  |  |
|---|---|---|
| Re: | Claimant: | Yvette J. Harrell, Esq. |
|  | Agency: | City of Opa-locka, Florida |
|  | D/I: | 12/12/2018 |

Dear Sir or Madam:

Pursuant to Florida Statutes § 768.28, the above referenced claimant hereby provides notice of the intent to pursue a claim for damages against the City of Opa-locka. Our law firm represents Yvette J. Harrell, Esq. Any correspondence relating to this claim should be directed to my attention. The following is the specific information requested by the aforementioned statute:

Name and address of claimant:    Yvette J. Harrell, Esq.
156 Frow Avenue
Coral Gables, FL 33133
SSN:
DOB: 07/21/1973
POB: Miami, Florida

Date/time/place of accident:    On December 12, 2018, at or about 7:00 P.M., during the monthly City Commission meeting located at 215 N. Perviz Avenue Opa-locka, FL 33054.

| | |
|---|---|
| Description of the accident: | Attorney Harrell prior to the December 12, 2018 meeting requested protection under Florida's Whistleblower Statute, Fla. Stat. §112.3187, via email to the City. Under this statute retaliatory actions are prohibited against an employee who reports an actual or perceived violation of law which creates a substantial and specific danger to the public's health, safety, or welfare. In addition, this statute also prevents retaliatory action against any person who discloses information alleging the improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer or employee.<br><br>Attorney Harrell was not only retaliated against for requesting this protection, she was subjected to gender-discrimination, and a hostile work environment, which are both protected under Federal and State Laws.<br><br>Finally, Attorney Harrell was defamed and terminated which resulted in a breach of contract with the City of Opa-locka, Florida. |
| Agency/agents involved: | City of Opa-locka and the City Commissioners |
| Relief sought: | Attorney Harrell seeks retraction of all false statements made during the commission meeting on December 12, 2018. In addition to these retractions, Ms. Harrell seeks compensation for mental anguish, pain and suffering, loss wages, loss of earning capacity, and any punitive damages allowed under the law. |

Pursuant to Florida Statutes § 768.28(6)(d), further information required by Florida Statutes § 768.28(6)(c) regarding prior adjudicated unpaid claims in excess of two hundred dollars ($200.00), will be provided prior to settlement payment, close of discovery or commencement of trial, whichever is sooner.

Attorney Harrell and this Law Firm is requesting that all documents generated from the date of my client's hire to her termination **preserved in their original formats** to avoid an additional claim of spoliation of evidence and that a **formal public records** request is hereby being made for the following documents:

1. All emails between my client, the city attorney and mayor from the date of hire to my client's termination.

2. All correspondence from my client to City Commission from the date of hire to my

client's termination.

3. All emails to City Attorney and Kierra Ward from my client (Re: Commissioner Kelley) from the date of hire to my client's termination.

4. All resolution and contract for my client's employment.

5. All letters from the oversight board, dated Dec. 12, 2018, regarding my client or her termination.

6. Payout information for Eddie Brown, Newall Daughtery, Ernesto Reyes and William Green, which is to include the amount they received, the percentage of their payout amount and the length of their service.

7. Email from my client to Kierra Ward and Gladys A. (Payroll) re: payout information, including spreadsheet.

8. Cell phone call and text records of Commissioner Kelley - city phone - from October 3 - December 14th.

9. Cell phone call and text records of Commissioner Burke - both personal and city from the swearing in date through Dec. 14.

10. Cell phone call and text records of Commissioner Bass - both personal and city from swearing in date through Dec. 14.

11. All documentation from the Inspector General regarding the contract of my client and the conditions of her employment with the City of Opa-locka, Florida.

12. Email sent to city attorney and city manager requesting protection under Florida's Whistleblower Statute, Fla. Stat. §112.3187 sent by client.

13. All internal notes, discussions and other documents pertaining to the hiring and termination of my client.

14. All video and tape recording of the December 12, 2018 city commissioners' meeting where my client was terminated.

If additional information is necessary, or if this notice is legally defective in any manner, please contact me immediately.

Respectfully,

Arnold S. Gaines, Esq.
Fort the Firm

3