UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-cv-21927-ALTMAN/GOODMAN

YVETTE HARRELL,

      Plaintiff,

v.

CITY OF OPA-LOCKA,

      Defendant.

_____/

REPORT AND RECOMMENDATIONS ON DEFENDANT CITY OF
OPA-LOCKA'S VERIFIED MOTION FOR COSTS

Former City Manager Yvette Harrell ("Harrell" or "Plaintiff") asserted claims of

Title VII sex discrimination (Count I) and Florida Civil Rights Act sex discrimination

(Count II) against her former employer, the City of Opa-Locka ("City" or "Defendant").

[ECF Nos. 22, 39; 60].[1] This Court granted summary judgment for the City on Plaintiff's

---

[1]    In her Amended Complaint, Harrell asserted six claims against the City. [ECF No. 22]. The parties stipulated to the dismissal of one claim and the Court granted Defendant's motion for judgment on the pleadings as to three claims. [ECF No. 39]. Thus, at the time of Defendant's summary judgment motion only two claims (Counts I and II) remained.

claims and entered a final judgment in favor of the City and against Plaintiff. [ECF Nos. 60-61].

The City now seeks to recover $2,972.50 in costs pursuant to 28 U.S.C. § 1920 and has filed a motion for costs and a bill of costs. [ECF Nos. 62; 62-2]. Specifically, the City seeks to recover the costs associated with obtaining four deposition transcripts and the videography costs associated with Plaintiff's deposition. Harrell did not file a response in opposition to the motion to tax costs and the time to do so has expired.

United States District Judge Roy K. Altman referred to the Undersigned the instant motion for a Report & Recommendations. [ECF No. 63]. The Undersigned has reviewed the Motion and other relevant portions of the record. For the reasons given below, the Undersigned respectfully **recommends** that the District Court **grant in part and deny in part** the City's Motion and award the City **$2,383.00** in taxable costs ($589.50 less than the requested amount).

## I.      Legal Standard

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs that adheres to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court may still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian*, Inc., 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted). Still, the Court is limited to taxing only those costs specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

## II.     Analysis

### a.  Plaintiff's Failure to File a Response

Local Rule 7.1(c)(1) states that, except for certain inapplicable exceptions, "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. *Failure to do so may be deemed sufficient cause for granting the motion by default.*" S.D. Fla. L.R. 7.1(c)(1) (emphasis added).

In its Local Rule 7.1(a)(3) certificate of conferral, Defendant indicates that Plaintiff opposes the relief sought by the instant motion. [ECF No. 62, p. 4]. Notwithstanding this opposition, to date, Plaintiff has not filed a response and the time for doing so has passed. Given Plaintiff's complete lack of a response, the Undersigned *could* simply recommend that Judge Altman grant the Motion by default. *See, e.g.*, *Deegan v. City of Homestead*, No. 16-22820-CIV, 2018 WL 10399966, at \*1 (S.D. Fla. Apr. 9, 2018) (granting motion to tax costs by default).

The Undersigned has nonetheless independently reviewed the costs sought to determine whether they are recoverable under § 1920. *See Monelus*, 609 F. Supp. 2d at 1333 ("Although [the] [p]laintiff has failed to object to the costs set forth in [the] [d]efendant's [m]otion, the Court nonetheless reviews each category of the items sought in the [d]efendant's [m]otion, and whether [the] [d]efendant can properly receive monies for these categories of costs under the statute."); *Greer v. Ivey*, No. 6:15-CV-677-Orl-41GJK,

2020 WL 2841377, at *1 (M.D. Fla. Apr. 28, 2020) ("Although the Court could treat the [movant's] motion as unopposed and award all of the costs sought I believe the better approach is to analyze each part of the application and rule accordingly."), report and recommendation adopted, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2838843 (M.D. Fla. June 1, 2020); *Hamilton v. Sheridan Healthcare., Inc.*, No. 13-62008-CIV, 2015 WL 13541032, at *2 (S.D. Fla. Jan. 21, 2015) ("Although [the] [p]laintiff has not opposed an award of costs, the undersigned finds that some of the costs sought by [the] [d]efendants are either not taxable under § 1920, or they exceed the permissible statutory amount. The undersigned, therefore, will consider the [m]otion on its merits."), report and recommendation adopted sub nom. *Hamilton v. Sheridan Healthcorp, Inc.*, No. 13-62008-CIV, 2015 WL 13540998 (S.D. Fla. Mar. 25, 2015).

### b. Entitlement

The City is the prevailing party in this case because the Court granted the City's summary judgment motion and entered a final judgment in favor of the City and against Harrell. [ECF Nos. 60-61]. *See Pronman v. Styles*, No. 12-80674, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015) ("A 'prevailing party' is the party in whose favor judgment is rendered by the Court." (citing *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002))). The City is therefore entitled to an award of all costs recoverable under 28 U.S.C. § 1920.

### c. Amount

Defendant seeks to recover a total of $2,972.50 in costs consisting of $2,422.50 for obtaining four deposition transcripts and $550.00 for videography costs associated with Plaintiff's deposition.

### i. Deposition Transcripts

The City seeks to recover a total of $2,422.50 for four deposition transcripts: (1) $389.50 for La'Trese McPhee's deposition transcript; (2) $421.00 for Torrie Mack's deposition transcript; (3) $279.50 for Tawanda Hopkins' deposition transcript and (4) $1,332.50 for Plaintiff's deposition transcript. [ECF No. 62, p. 2]. These amounts can be grouped into the following categories: $1,548.00 for transcription services, $835.00 for court reporter attendance fees, and a $39.50 "Medical/Technical" surcharge listed in Plaintiff's deposition invoice. [ECF No. 62-1, pp. 1-3, 5].

Costs for deposition transcripts are authorized by § 1920(2) insofar as such transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). However, "where the deposition costs were merely incurred [for] convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *5 (S.D. Fla. Jan. 2, 2014), report and recommendation adopted, No. 17-CV-23362-KMM, 2020 WL 6729401 (S.D. Fla. Nov. 16, 2020) (quoting *W&O, Inc.*, 213 F.3d at 620); *see also Shire Dev., LLC v. Mylan*

6

*Pharms., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018)

("[C]ourt-reporter fees, shipment of depositions, costs for binders, tab, technical labor,

and realtime expenses, which are incurred for the convenience and not necessity of

counsel, are not taxable."), report and recommendation adopted in part, No. 8:12-CV-

1190-T-36AEP, 2018 WL 6304868 (M.D. Fla. Dec. 3, 2018).

### 1.   Necessity of Deposition Transcripts

Deposition transcripts are taxable where the transcripts are either wholly or

partially, "necessarily obtained for use in the case." *W&O, Inc.*, 213 F.3d at 621 (quoting

28 U.S.C. § 1920(2)). "In determining the necessity of a deposition, it must only appear to

have been reasonably necessary at the time it was taken." *Pronman v. Styles*, No. 12-80674-

CIV, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015).

The City states that "all depositions conducted by the City were to prepare and

establish the City's defenses, to evaluate Plaintiff's purported claims and damages, to

utilize as part of the City's summary judgment motion, and to be used at trial, if

necessary." [ECF No. 62, p. 4]. The City further states that in addition to Plaintiff's

deposition, it took the depositions of non-parties McPhee, Mack, and Hopkins because

Plaintiff listed these witnesses in her Rule 26 disclosures and interrogatory answers "as

'friends' and 'spiritual advisors' [of Plaintiff] who had discoverable information, who

Plaintiff would use to support her claims, and who had knowledge regarding Plaintiff's

claimed 'emotional and mental health and behavior' both before and after Plaintiff's employment with the City." *Id.* at pp. 3-4.

Based on the City's unrefuted and verified explanation, the Undersigned finds that all four depositions were necessarily obtained for use in the case. The necessity of Plaintiff's deposition is readily apparent and Plaintiff herself identified the three non-party witnesses as having information relevant to her claims. *See Ramirez v. Scottsdale Ins. Co.*, No. 20-CV-22326-KMM, 2021 WL 6932164, at *4 (S.D. Fla. Nov. 19, 2021) (finding necessity of obtaining the plaintiff's deposition to be "facially evident"), report and recommendation adopted, No. 1:20-CV-22326-KMM, 2022 WL 213814 (S.D. Fla. Jan. 25, 2022); *Turner v. Charter Sch. USA, Inc.*, No. 18-24005-CIV, 2020 WL 8371206, at *3 (S.D. Fla. Nov. 9, 2020) ("It was wholly expected, routine and proper for the . . . [d]efendants to take [the] [p]laintiff's deposition. [The] [p]laintiff brought this lawsuit and was a central participant in, and witness to, the events described in his Complaint."), report and recommendation adopted, No. 1:18-CV-24005, 2021 WL 329422 (S.D. Fla. Feb. 1, 2021); *Hamilton v. Sheridan Healthcare., Inc.*, No. 13-62008-CIV, 2015 WL 13541032, at *3 (S.D. Fla. Jan. 21, 2015) (movant established that deposition of the plaintiff's wife and a former coworker were necessarily obtained for use in the case where the "[p]laintiff had identified them as individuals who could attest to both his alleged discriminatory treatment and his damages claim"), report and recommendation adopted sub nom.

*Hamilton v. Sheridan Healthcorp, Inc.*, No. 13-62008-CIV, 2015 WL 13540998 (S.D. Fla. Mar. 25, 2015).

Although the Undersigned has determined that these four depositions were necessary for use in the case, some reductions to the costs associated with these depositions are warranted.

### 2.  Per Page Rate

The invoices submitted by the City reflect an ordinary, non-expedited rate of $4.50 per page for the deposition transcripts of each witness. [ECF No. 62-1, pp. 1-3, 5].

"[T]he Clerk's Office Fee Schedule for the Southern District of Florida . . . provides a maximum rate of $4.02 per page for regular transcripts prepared on a non-expedited basis by court reporters from the Clerk's Office" and "*some* courts in this District have used this rate to limit recovery of deposition-transcript costs." *Patsalides v. City of Fort Pierce*, No. 15-14431-CIV, 2017 WL 10402989, at *3 (S.D. Fla. Sept. 20, 2017) (emphasis added) ("recommend[ing] that [movant] should only recover the regular rate for stenographic costs in this District of $4.02 per page"), report and recommendation adopted, No. 15-14431-CIV, 2017 WL 10402991 (S.D. Fla. Nov. 22, 2017); *see also Gilroy v. Baldwin*, No. 16-14521-CV-JEM, 2021 WL 6427471, at *5 (S.D. Fla. Nov. 3, 2021) ("Rates of $7, $7.75, and $17 per page for non-expedited transcripts is excessive. The taxable amount is $4.02 per page, which conforms to the Southern District of Florida fee schedule."),

report and recommendation adopted, No. 16-14521-CIV, 2022 WL 111050 (S.D. Fla. Jan. 12, 2022); *DaSilva v. Vozzcom, Inc.*, No. 08-80040-CIV, 2009 WL 10667450, at \*10 (S.D. Fla. June 9, 2009) ("To the extent that [the [p]laintiff seeks recovery of the stenographer's transcription service at a non-expedited rate that exceeds the amount of $4.02, which has been established as the maximum per page rate for an original transcript, such must be reduced.").

Some courts have applied the $4.02 per page rate where the information submitted by the movant or the information in the movant's invoices was incomplete. *See, e.g.*, *Grimsley v. Focus Fin. Servs.*, No. 15-CV-81263, 2016 WL 11547367, at \*4 (S.D. Fla. July 22, 2016) ("Because the [i]nvoices do not indicate the cost of expediting the transcripts or the cost of the copy of Plaintiff's transcript, the Court will apply the rates on the United States District Court for the Southern District of Florida website."); *Am. Home Assur. Co. v. Rap Trucking Inc.*, No. 09-80020-CIV, 2010 WL 1573917, at \*3 (S.D. Fla. Mar. 23, 2010) (applying $4.02 per page rate where deposition invoice "[did] not breakdown the amounts charged for unreimbursable services, such as shipping, exhibits, and condensed transcripts, even though the invoice state[d] that such [were] 'typically included'").

Other courts have applied the $4.02 per page rate because the expedited rate sought by the movant was not justified. *See, e.g.*, *Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1370 (S.D. Fla. 2010) (reducing rate for transcription services to

$4.02 per page where movant "offer[ed] no explanation for incurring the additional expenses of expedited service"); *Perfect Web Techs., Inc. v. Infousa, Inc.*, No. 07-80286-CIV, 2009 WL 2407689, at *10 (S.D. Fla. Aug. 4, 2009) ("reduc[ing] the stenographer's transcription service to $4.02 per page, which has been established as the maximum per page rate for a regular transcript" where defendant failed to explain why the depositions could not be conducted in a non-expedited manner).

Other courts in this District have declined to reduce the per page deposition transcript rate to $4.02. *See, e.g., Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 12-81250-CIV, 2014 WL 5325211, at *6 (S.D. Fla. Aug. 20, 2014) (approving rate of $4.45 per page for non-expedited deposition transcript and rate of $6.23 per page for expedited transcript); *Hernandez v. Motorola Mobility, Inc.*, No. 12-60930-CIV, 2013 WL 4773263, at *5 (S.D. Fla. Sept. 4, 2013) ("This Court concludes . . . that the transcript rate applicable to court reporters is not binding in evaluating the reasonableness of a private stenographer's deposition transcript fees. And, especially given the expedited preparation of certain transcripts here, the Court finds that the requested per page charges are reasonable."); *Sirpal v. Univ. of Miami*, No. 09-22662-CV, 2012 WL 13005982, at *4 (S.D. Fla. Feb. 8, 2012) (declining to reduce to $4.02 the per page rate for deposition transcript where there was no expedited rate "and no reason. . . [was] given as to why the rates charged were unreasonable").

11

In the instant case, the Court should exercise its discretion and allow Defendant to recover the costs of the deposition transcripts at the per page rate of $4.50 set forth in the invoices because (1) the $4.02 rate in the Clerk's Office Fee Schedule is not binding on the Court; (2) the $4.50 per page rate is reasonably close to the $4.02 rate and in the instant case represents a small difference of $165.12 and (3) there are no issues with unjustified, expedited transcripts or incomplete invoices.

The Undersigned therefore **respectfully recommends** that Defendant recover **$1,548.00** (344 pages at $4.50 per page) for obtaining the deposition transcripts of Harrell, McPhee, Mack, and Hopkins.

### 3.   Court Reporter Attendance Fees

Defendant is also entitled to recover the cost of the court reporter attendance fees. "[M]any courts in this district have held that court reporter attendance fees are taxable as costs." *Durham Com. Cap. Corp. v. Ocwen Loan Servicing, LLC*, No. 15-CV-80200, 2019 WL 12872743, at *3 (S.D. Fla. Sept. 6, 2019) (quoting *Sutton v. Royal Caribbean Cruise Line*, No. 16-24707-CIV, 2018 WL 4282843, at *3 (S.D. Fla. Sept. 7, 2018), report and recommendation adopted, No. 15-80200-CIV, 2019 WL 12872740 (S.D. Fla. Sept. 24, 2019)). In fact, "the majority position (in this [D]istrict) is that these fees are recoverable." *Mama Jo's, Inc. v. Sparta Ins. Co.*, No. 17-CV-23362, 2020 WL 6731235, at *11 (S.D. Fla. Oct. 20, 2020) (citing *Rakip*, 2014 WL 12737632, at *6).

In the instant case, the court reporter attendance fee for all four depositions totals $835.00 ($95.00 for the first hour and $65.00 for each additional hour). The attendance rates charged here are reasonable. *See Monelus*, 609 F. Supp. 2d at 1337 (allowing recovery of court reporter attendance fee at rates of "$95.00 for the court reporter's first hour appearance fee; $130.00 for two additional hours of the court reporter's appearance fee").

The Undersigned therefore **respectfully recommends** that Defendant recover **$835.00**, the full amount of the court reporter attendance fee.

### 4.  Medical/Technical Surcharge

As noted above, Plaintiff's deposition invoice includes a "Medical/Technical surcharge" in the amount of $39.50 (158 pages at $0.25 per page). Defendant provides no explanation for why this surcharge was reasonably incurred. Accordingly, Defendant should not be permitted to recover the $39.50 surcharge associated with Plaintiff's deposition. *See Ow Buland v. NCL (Bahamas) Ltd.*, No. 17-24167-CIV, 2019 WL 2254829, at *2 (S.D. Fla. Apr. 29, 2019), report and recommendation adopted, No. 17-CV-24167-PCH, 2019 WL 2254703 (S.D. Fla. May 20, 2019) ("[The [p]laintiff also seeks to recover an 'administrative fee,' a 'cellphone charge' and a 'medical/technical surcharge.' [The] [p]laintiff does not explain the necessity of these charges, and they appear on their face to be costs incurred primarily for the convenience of counsel." (footnote omitted)); *Soricelli v. GEICO Indem. Co.*, No. 8:16-CV-1535-T-30TBM, 2018 WL 11351710, at *4 (M.D.

Fla. Mar. 14, 2018) ("GEICO has not explained the medical surcharge or justified its recovery so the Court will not award this cost.").

In sum, the Undersigned **respectfully recommends** that Defendant's request for the costs of obtaining deposition transcripts be **granted in part** in the amount of **$2,383.00** ($1,548.00 for transcription fees plus $835.00 for attendance fees).

### ii.  Videography Costs for Plaintiff's Deposition

The City also seeks to recover $550.00 for the cost of videography services for Harrell's deposition. This amount consists of $245.00 for the first hour, plus $285.00 for three additional hours (at an hourly rate of $95.00), plus a $20.00 "media archival" fee. [ECF No. 62-1, p. 4].

"The costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party." *Procaps v. Patheon, Inc.*, No. 12-24356-CIV, 2016 WL 411017, at * 3 (S.D. Fla. Feb. 2, 2016) (citing *Morrison v. Reichold Chem., Inc.*, 97 F. 3d 460, 464-65 (11th Cir. 1996)); *see also PODS Enterprises, LLC v. U-Haul Int'l, Inc.*, No. 8:12-CV-01479-T-27, 2015 WL 5021668, at *1 (M.D. Fla. Aug. 24, 2015) ("costs of videotaping depositions" are "taxable as a part of the cost of a videotaped deposition.").

"However, the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Perfect Web Techs.*, 2009 WL 2407689, at *9; *see also Utopia Provider Systems, Inc. v. Pro–Med Clinical Systems, L.L.C.*, 2009 WL 1210998, *3 (S.D. Fla. May 1, 2009) (denying duplicative video deposition costs where prevailing party failed to explain why it was necessary to obtain both a videotaped and transcribed copy of depositions).

Here, the City states in its verified costs motion that it "took the video deposition of Plaintiff" and that "Plaintiff never once objected to the video recording of her deposition." [ECF No. 62, p. 3]. The City, however, does not explain *why* it was necessary to obtain *both* a video recording and a transcript of Plaintiff's deposition. Because Defendant fails to provide an explanation, the amount sought for videography services ($550.00) should not be taxed. *See Witbart v. Mandara Spa (Hawaii), LLC*, No. 18-CV-21768, 2022 WL 1241439, at *4 (S.D. Fla. Apr. 12, 2022) ("[The] [d]efendant provides no explanation as to why both transcripts and videotapes of the depositions were necessary. Given the lack of explanation, the $415.00 in costs attributable to the videotaping of the depositions are not recoverable."), report and recommendation adopted *sub nom. Witbar v. Mandara Spa (Hawaii), LLC*, No. 1:18-CV-21768, 2022 WL 1239232 (S.D. Fla. Apr. 27,

2022); *Gilroy*, 2021 WL 6427471, at \*5 ("[Movants] have not offered any justification why it was necessary to videotape this deposition. Therefore, this cost should be disallowed."), report and recommendation adopted, No. 16-14521-CIV, 2022 WL 111050 (S.D. Fla. Jan. 12, 2022); *Pipino v. Delta Air Lines, Inc.*, No. 15-80330-CIV, 2016 WL 7635458, at \*4 (S.D. Fla. Sept. 27, 2016) ("[The] [d]efendant has provided no explanation whatsoever of why both regular transcripts and videotaped copies of Plaintiff's deposition were necessary. Defendant, therefore, is not entitled to recover any of the $1,110.00 in [videography] costs."), report and recommendation adopted, No. 15-80330-CIV, 2017 WL 24780 (S.D. Fla. Jan. 3, 2017).

The Undersigned therefore **respectfully recommends** that the City's request for costs associated with videography services rendered at Plaintiff's deposition ($550.00) be **denied**.

### III.     Conclusion

For the reasons stated above, the Undersigned r**espectfully recommends** that the District Court **grant in part and deny in part** the City's costs motion and award it **$2,383.00** in taxable costs ($589.50 less than the requested amount of $2,972.50), plus interest from the date of the final judgment.[2]

### IV.     Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of

---

[2]     Although neither party addressed post-judgment interest, "post-judgment interest automatically accrues under 28 U.S.C. § 1961." *Landi v. Home Depot USA, Inc.*, No. 2:17-CV-701-FtM-38MRM, 2020 WL 10465289, at *1 (M.D. Fla. July 22, 2020); *see also Am. Contractors Indem. Co. v. MD Constr. Servs. USA, Inc.*, No. 6:16-CV-952-Orl-40GJK, 2016 WL 11581679, at *4 (M.D. Fla. Dec. 8, 2016) ("[The] [p]laintiff's failure to request post-judgment interest does not preclude an award thereof."), report and recommendation adopted, No. 6:16-CV-952-Orl-40GJK, 2017 WL 11025405 (M.D. Fla. Jan. 4, 2017); *BP Prod. N. Am., Inc. v. Youssef*, 296 F. Supp. 2d 1351, 1355 (M.D. Fla. 2004) ("By force of Section 1961, a judgment bears interest at the statutory rate, even without a demand by the plaintiff or an order of the court.").

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*,

885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on May 3,

2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Roy K. Altman
All counsel of record