UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21927-CIV-ALTMAN/Goodman

YVETTE HARRELL,

    *Plaintiff*,

v.

CITY OF OPA-LOCKA,

    *Defendant*.

_____/

## ORDER

Magistrate Judge Jonathan Goodman has submitted a Report and Recommendation ("R&R") [ECF No. 64], in which he suggests that the Defendant's Verified Motion to Tax Costs [ECF No. 62] (the "Motion") be **GRANTED IN PART** and **DENIED IN PART**. Specifically, Magistrate Judge Goodman has recommended that we "award the City [of Opa-Locka] $2,383.00 in taxable costs ($589.50 less than the requested amount)," R&R at 2, "plus interest from the date of final judgment," *id.* at 17.

Magistrate Judge Goodman has also advised the parties as follows:

> The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

*Id.* at 17–18. Neither party objected to the R&R, and 14 days have passed. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. *See* FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *Id.*, advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress intended to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

"To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). The Court has reviewed the R&R, the Motion, the record, and the governing law, and we can find no clear error on the face of the R&R.

Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 64] is **ACCEPTED and ADOPTED**.

2. The Defendant's Verified Motion to Tax Costs [ECF No. 62] (the "Motion") is **GRANTED IN PART** and **DENIED IN PART**. The Plaintiff shall pay the Defendant $2,383.00 in taxable costs ($589.50 less than the requested amount of $2,972.50), plus interest from the date of the final judgment, as accrued under 28 U.S.C. § 1961.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of May 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record